NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES HAROLD STARK, | : | CIV. NO. 20-2849 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID E. ORTIZ, | : | |
| Respondent | : | |

Petitioner James Harold Stark, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, challenges his 2019 conviction in the United States District Court, Eastern District of Virginia, asserting jurisdiction in this Court either as a motion under Federal Rule of Civil Procedure 60(d) or as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) The Court construes the filing as a petition under 28 U.S.C. § 2241.

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." Rule 4 is applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, Scope of the Rules.

I. DISCUSSION

Petitioner acknowledges that he was convicted for a federal offense upon his guilty plea and sentenced in the United States District Court, Eastern District of Virginia on May 31, 2019. (Pet., ECF No. 1, ¶¶1-4.) Petitioner did not file a direct appeal or a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Id.) Petitioner argues, however, that the sentencing court's jurisdiction under 18 U.S.C. § 3231 was only presumed, and he now challenges that statute, arguing that Public Law 80-772 was never properly enacted by the House of Representatives in the 1940s. 18 U.S.C. § 3231 provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

This Court agrees with the many courts who have examined and rejected as legally frivolous claims that 18 U.S.C. § 3231 is ineffective because Public Law 80-772 was never properly enacted. See e.g., Benjamin v. Miner, 256 F. App'x 554, 555 (3d Cir. 2007); United States v. Johnson, 270 F. App'x 191 (3d Cir. 2008); United States v. Potts, 251 F. App'x 109, 111 (3d Cir. 2007); United States v. Armijo, 314 F. App'x 113, 114 (10th Cir. 2008); United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007); United States v. Campbell, 221 F. App'x 459, 461 (7th Cir. 2007); United States

2

v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006); Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008).

Federal Courts may issue a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Davis v. Warden Allenwood FCI, No. 19-2641, 2020 WL 3446811, at *1 (3d Cir. June 24, 2020) (quoting Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Petitioner does not meet the § 2255(e) exception which would permit him to bring this claim under § 2241 because his claim is not premised on his detention for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," with "no other avenue of judicial review available" to "challenge his conviction." Id. at *2. Petitioner can challenge his conviction under § 2255.

Although Petitioner may assert this claim in his sentencing court under § 2255, the Court finds it is not in the interests of justice to transfer the petition to the sentencing court under 28 U.S.C. § 1631 because the petition is frivolous.

II. CONCLUSION

This claim is frivolous and the petition will be dismissed for lack of jurisdiction.

**Dated: July 9, 2020**               s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**